1
2
3
4
5
6
7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN A. RAMIREZ,                          No.  2:14-cv-1714 TLN CKD P

12                 Plaintiff,

13          v.                                  ORDER

14   H. WIN, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

11 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

12 Cir. 1989); Franklin, 745 F.2d at 1227.

13    In order to avoid dismissal for failure to state a claim a complaint must contain more than

14 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

15 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

18 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

19 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

20 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.

21 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

22 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

23 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

24 U.S. 232, 236 (1974).

25    The court finds the allegations in plaintiff's complaint so vague that it fails to state a claim

26 upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible

27 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

28 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

1   must allege with at least some degree of particularity overt acts which defendants engaged in that

2   support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however,

3   grant leave to file an amended complaint.

4        Plaintiff complains about the denial of medical care.  If plaintiff chooses to amend his

5   complaint, plaintiff must demonstrate how the conditions complained of have resulted in a

6   deprivation of plaintiff's constitutional rights arising under the Eighth Amendment.  See Ellis v.

7   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Denial or delay of medical care for a prisoner's serious

8   medical needs may constitute a violation of the Eighth Amendment.  Estelle v. Gamble, 429 U.S.

9   97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

10  deliberately indifferent to a prisoner's serious medical needs.  Id.

11       Also, plaintiff's amended complaint must allege in specific terms how each named

12  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

13  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

14  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

15  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

16  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

17  F.2d 266, 268 (9th Cir. 1982).

18       Plaintiff is informed that the court cannot refer to a prior pleading in order to make

19  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

20  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

21  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

22  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

23  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

24  and the involvement of each defendant must be sufficiently alleged.

25       Finally, the court notes that plaintiff has attached approximately 100 pages of exhibits to

26  his original complaint.  Generally speaking, attaching exhibits to a complaint is not necessary.  In

27  his amended complaint, plaintiff must focus on explaining his claims in the body of the amended

28  complaint.  If a few exhibits bring significant clarity to his claims, plaintiff is free to attach them.

3

1   Otherwise, attaching exhibits serves no purpose and places an unnecessary burden upon court

2   staff.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

5          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

6   shall be collected and paid in accordance with this court's order to the Director of the California

7   Department of Corrections and Rehabilitation filed concurrently herewith.

8          3.  Plaintiff's complaint is dismissed.

9          4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

10   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

11   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

12   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

13   two copies of the amended complaint; failure to file an amended complaint in accordance with

14   this order will result in a recommendation that this action be dismissed.

15   Dated:  October 10, 2014

16                                            _____
                                             CAROLYN K. DELANEY
17                                            UNITED STATES MAGISTRATE JUDGE

18

19

20   1
     rami1714.14.new
21

22

23

24

25

26

27

28

                                                4